### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL S. KRAUSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-1098-SLP |
| STATE OF OKLAHOMA, | ) ) ) |
| Defendant. | ) ) |

### **O R D E R**

Before the Court is Plaintiff's Motion for Clerk's Entry of Default [Doc. No. 8]. In support, Plaintiff states that Defendant, the State of Oklahoma, "received my amended complaint on December 9, 2024, and as of the date of filing (January 10, 2025), Defendant has not answered. He further states that the "Amended Complaint and summons have the Defendant's correct name and they were sent to the correct address[.]" Accordingly, Plaintiff seeks entry of default pursuant to Fed. R. Civ. P. 55(a).[1]

Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). However, as a prerequisite to entry of default, "a plaintiff must show sufficient service of process to a defendant." *United States v. Tarkowski*, No. 23-1210-EFM-TJJ, 2024 WL 1299388 (D. Kan. Mar. 27, 2024) (citing *Peterson v. Carbon Cnty.*,

---

[1] Plaintiff also explains that in the original Complaint [Doc. No. 1] he neither properly identified the defendant nor effected proper service and, consequently, he filed an Amended Complaint identifying the State of Oklahoma as the defendant.

No. 98-4010, 1998 WL 458555 at *4 (10th Cir. 1988) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper.").

Plaintiff filed a return of service on December 17, 2024. *See* Proof of Service [Doc. No. 7]. But the record demonstrates that Plaintiff did not properly serve Defendant. The Proof of Service states: The summons was served by Certified Mail *sent by Randall S. Krause, plaintiff*." *See id*. (emphasis added). Similarly, Plaintiff's pending Motion states: "*I served the Defendant* at the governor's office in Oklahoma City." (emphasis added).

Pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, a *non-party* must effect service, and this is true "[e]ven when service is effected by use of the mail." *See Shepard v. United States Dep't of Veterans Affairs*, 819 F. App'x 622, 623 (10th Cir. 2020) (citing *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)); Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)). Because Plaintiff clearly states that he was the person who mailed the summons and complaint, service is improper under Rule 4(c)(2). Accordingly, Plaintiff has not shown that entry of default is proper.[2]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Clerk's Entry of Default [Doc. No. 8] is DENIED.

---

[2] Based on Plaintiff's failure to comply with Rule 4(c)(2), the Court deems it unnecessary to address whether additional deficiencies, if any, exist as the to the manner of service of the summons and Amended Complaint.

IT IS SO ORDERED this 14th day of January, 2025.

                                                          SCOTT L. PALK
                                                          UNITED STATES DISTRICT JUDGE