IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL S. KRAUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-24-1098-SLP |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Application for Entry of Default [Doc. No. 16]. Plaintiff seeks entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Rule 55(a) provides:

> When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). However, as a prerequisite to entry of default, "a plaintiff must show sufficient service of process to a defendant." *United States v. Tarkowski*, Case No. 23-1210-EFM-TJJ, 2024 WL 1299388 at *1 & n. 5 (D. Kan. Mar. 27, 2024) (citing *Peterson v. Carbon Cnty.*, No. 98-4010, 1998 WL 458555 at *4 (10th Cir. 1998) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper.")).

On February 10, 2025, Plaintiff had Summons for the Amended Complaint issued to the "State of Oklahoma c/o Governor Kevin Stitt." *See* Summons [Doc. No. 14]. The sole named Defendant in this action is "State of Oklahoma." *See* Amended Complaint

[Doc. No. 5]. Governor Stitt is not named as a party to this action. On February 24, 2025, Plaintiff filed a Proof of Service, *see* Doc. No. 15 at 2, which states a process server, Makayla Saramosing, served "Mr. Lepak/General Counsel" on behalf of "State of Oklahoma c/o Governor Kevin Stitt."

Rule 4 of the Federal Rules of Civil Procedure provides that a state must be served "by delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Oklahoma law provides that service upon a state is accomplished by "delivering a copy of the summons and of the petition to the officer or individual designated by specific statute" or to "the chief executive officer or a clerk, secretary or other official whose duty it is to maintain the official records of the organization." Okla. Stat. tit. 12, § 2004(c)(5). In addition, service by mail is effective when a copy of the summons and petition is "accept[ed] or refus[ed] by an employee of the office of the officials specified in [(C)(1)(c)(5)] who is authorized to or who regularly receives certified mail." Okla. Stat. tit. 12, § 2004(C)(2)(c).

No Oklahoma statute provides specifically for service upon the State of Oklahoma as an entity. Therefore, Plaintiff was required to serve a copy of the Amended Complaint and Summons on the chief executive officer of the State. The chief executive officer of the State of Oklahoma is the Governor of the State of Oklahoma. *See* Okla. Const. Art. 6, § 2. Accordingly, Plaintiff could have requested a nonparty to effect service by personally serving the Governor of the State of Oklahoma, or the clerk, secretary, or other official

responsible for maintaining official records of the State, or by sending a copy of the complaint and summons by certified mail to the Governor's office.[1]

Plaintiff fails to show that he obtained proper service against the state by serving Mr. Lepak/General Counsel.  He provides no evidence that Mr. Lepak is the officer or individual whose duty it is to maintain the official records of the State of Oklahoma.  Under these circumstances, the Court finds Plaintiff has not established sufficient service of process on Defendant and, consequently, is not entitled to entry of default.

The Court previously extended the time within which Plaintiff could effect service. *See* Order [Doc. No. 11].  The Court sua sponte grants Plaintiff an additional thirty (30) days within which to effect service.  Plaintiff is cautioned, however, that the Court does not contemplate granting any further extensions of the service deadline.

IT IS THEREFORE ORDERED that Plaintiff's Application for Entry of Default [Doc. No. 16] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is granted an additional thirty days from the date of this Order, or until May 29, 2025, to effect service of the summons and Amended Complaint.

IT IS SO ORDERED this 29th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] As the Court previously addressed, a nonparty must effect service on Plaintiff's behalf.  *See* Order [Doc. No. 9] (citing Fed. R. Civ. P. 4(c)(2)).