### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL S. KRAUSE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-24-1098-SLP |
| STATE OF OKLAHOMA, | ) ) ) |
|     Defendant. | ) |

### **O R D E R**

By Order entered April 29, 2025, the Court granted Plaintiff a permissive extension of time, until May 29, 2025, for Plaintiff to effect service of process. In that Order, Plaintiff was cautioned that the Court did not contemplate granting any further extensions of the service deadline. *See* Order [Doc. No. 17]. The Court has granted Plaintiff ample opportunity to effect proper service in this case. Plaintiff has not asked for a further extension of time and, necessarily, therefore, has not demonstrated good cause to justify a mandatory extension of the service deadline. *See* Fed. R. Civ. P. 4(m) (providing that the court must extend the service deadline upon a showing of good cause).

Nor does the record support the Court granting any further permissive extensions of the service deadline. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The following factors guide the Court's determination: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences

of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 & n.8 (internal quotation marks omitted).

There is no indication that Plaintiff's claims would be time-barred if refiled. And even if they were, this fact alone does not make dismissal under Rule 4(m) inappropriate. *See, e.g., Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). To the extent Plaintiff has encountered difficulty serving the named Defendant, the State of Oklahoma, the Court has been patient and provided guidance to Plaintiff in this regard. Thus, the Court does not find that complex service requirements have prevented Plaintiff from effecting timely service. Plaintiff is not appearing in forma pauperis in this action and, therefore, the third factor is not at play.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to effect timely service under Rule 4(m) of the Federal Rules of Civil Procedure. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 16th day of June, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE